**Docket No. 25-3918**

# In the United States Court of Appeals
# For the Ninth Circuit

RUMBLE INC.,

*Plaintiff-Appellant,*

v.

GOOGLE LLC,

*Defendant-Appellee.*

*Appeal from a Decision of the United States District Court for the Northern District of California, No. 4:21-cv-00229-HSG · Honorable Haywood S. Gilliam, Jr.*

# REPLY TO OPPOSITION TO MOTION FOR REQUEST FOR JUDICIAL NOTICE PURSUANT TO RULE 27 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

ROBERT W. DICKERSON, JR., ESQ.
ALLAN W. JANSEN, ESQ.
EHAB M. SAMUEL, ESQ.
COMPETITION & TECHNOLOGY LAW GROUP, LLP
11400 West Olympic Boulevard, Suite 200
Los Angeles, California 90064
(310) 774-2337 Telephone
rdickerson@comp-techlaw.com
ajansen@comp-techlaw.com
esamuel@comp-techlaw.com

PHILIP J. IOVIENO, ESQ
JACK G. STERN, ESQ.
ABIGAIL S. KINGSLEY, ESQ.
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281
(212) 504-6000 Telephone
philip.iovieno@cwt.com
jack.stern@cwt.com
abigail.kingsley@cwt.com

KRISTEN J. MCAHREN, ESQ.
SANDERS KEYES GILMER, ESQ.
CADWALADER, WICKERSHAM & TAFT LLP
1919 Pennsylvania Avenue NW
Washington, District of Columbia 20006
(202) 862-2200 Telephone
kristen.mcahren@cwt.com
keyes.gilmer@cwt.com

*Attorneys for Appellant Rumble Inc.*

COUNSEL PRESS INC. (213) 680-2300 PRINTED ON RECYCLED PAPER

Google suggests the present motion is a "transparent bid" to distract this Court because "Rumble 'does not allege any actual bias.'" Opp. at 1. That Google focuses on the inapplicable "actual bias" standard rather than the correct "appearance of partiality" standard is a silent concession that such appearance exists.

It is also telling that Google's position in this Court on relevance of the documents is inconsistent with its position in the district court. Below, Google urges Judge Gilliam to defer ruling on recusal "unless and until" the Ninth Circuit reverses summary judgment and issues a remand. *Rumble v. Google*, Case No. 4:21-cv-00229-HSG, Dkt. 240 at 1 & 6 (N.D. Cal. Nov. 21, 2025). This Court would of course then be called upon to address the recusal issue. Now, however, Google is urging in opposition to this motion that the documents are irrelevant because this Court need not address the recusal issue. Clearly, Google does not want the recusal issue to be addressed in the district court or by this Court. Google's inconsistent positions on this issue confirm why this motion for judicial notice should be granted.

Regarding the relevance of the at-issue documents, the purpose of this motion is to furnish the Court with recent documents relevant to the appeal and to the relief Appellant now intends to request in light of these recently-discovered facts—namely, reversal or vacatur, and reassignment on remand.[1]

[1] These requests will be made in Appellant's forthcoming appeal reply brief—its first opportunity to do so in this Appeal since discovering the article that exposed the very close and on-going relationship between the district court judge and Google's VP of

**1. Google Relies on the Incorrect Standard for Judicial Notice**

Google cites *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss.*, 787 F.3d 1237, 1241 (9th Cir. 2015), as holding that "[w]hen a party asks this Court to take *judicial notice* of a fact for the first time on appeal, '*extraordinary circumstances*' are required for the Court to do so." Opp. At 2 (emphasis added). The portion of *Kohn Law* Google failed to include states that "'extraordinary' circumstances [are] required *to supplement the record* on appeal." 787 F.3d at 1241 (emphasis added). The standard for supplementing the appellate record is not the standard for appellate judicial notice. The latter merely requires "unusual" circumstances, *at most*.

As this Court explained in *Lowry v. Barnhart*, 29 F.3d 1019 (9th Cir. 2003), "[s]ave *in unusual circumstances*, we consider only the district court record on appeal. … *There are exceptions to the general rule. … We may take judicial notice.*" *Id.* at 1024 (emphasis added) (citing Fed. R. Evid. 201(f) and *EEOC* v. *Ratliff*, 906 F.2d 1314, 1318 n.6 (9th Cir. 1990)); *accord*, *United States v. W. R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007). In contrast, the appellate court may only "exercise inherent authority to supplement the record in extraordinary cases." *Id.* (citing *Dickerson* v. *Alabama*, 667 F.2d 1364, 1366-68 & n.5 (11th Cir. 1982)). Google's omitting a key

Litigation and Discovery, which then led to the discovery of the district court's twelve recusals in other case that are addressed in the documents attached to this motion.

portion of *Kohn Law* and urging an inapplicable higher standard speaks volumes as to the weakness of its position.[2]

Google also misses the mark by citing to a statement in *Reina-Rodriguez v. United States*, 655 F.3d 1182, (9th Cir. 2011), that this Court "rarely take[s] judicial notice of facts presented for the first time on appeal" without mentioning the fact that the *Reina* court was referring to a document the government could have but *failed to present to the court below*. *Id.* at 1193;. *see also* 20 Moore's Federal Practice – Civil § 310.10[5][b] – Judicial Notice ("An exception to the general rule limiting review by the circuit court to matters specifically presented to the district court by the parties may be found in the circuit court's authority to take judicial notice of material not available during the trial. … If the subject of the judicial notice could have been raised in the district court but was not, the rationale for allowing judicial notice is weakened and the exception may not apply.").[3, 4]

[2] The *Lowry* decision includes a comment as to why there is a higher standard applicable to *supplementing the record*: "As a court of appeals, we lack the means to authenticate documents submitted to us, so we must be able to assume that documents designated part of the record actually are part of the record." *Lowry*, 329 F.3d at 1024. In contrast, judicial notice is inherently confined to matters that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

[3] This is not the case here; the documents attached to the motion could *not* have been presented in the district court.

[4] Extraordinary circumstances are not required for this Court to take judicial notice, but even if that were the standard, it is met here. An article quoting the presiding district court judge describing his long-term, very close, continuing friendship, and on-going

### 2. The Proffered Items Are Highly Material to This Appeal

#### a. This appeal involves an "issue of judicial recusal" pursuant to Section 455(a)

Contrary to Google's assertion, the first paragraph of Appellant's motion explicitly states that the proffered items are relevant, *inter alia*, to "the relief Appellant may seek in addition to reversal such as vacatur and reassignment." Mot. at 1.The proffered items are patently relevant to this Court's assessment of such remedies in deciding this appeal. The documents provide evidence that, since August 2022, the district court judge's relationship with Google's VP for litigation obligated him to recuse and reassign in this case, just as in the other Google/PayPal cases, because there is clearly "the appearance of partiality" such that "his impartiality might reasonably be questioned" under Section 455(a).

Moreover, Appellant's FRCP Rule 62.1 motion in the district court seeks an indicative ruling as to recusal and reassignment during the pendency of this appeal, based on Section 455(a).[5] Consequently, the proffered items are relevant to this

---

fantasy-football interactions with Ms. Knight, Google's VP of Litigation, and the subsequent discovery of the court's twelve recusals in other Google and PayPal cases when Ms. Knight was VP in charge of litigation for those companies, qualifies as an "extraordinary circumstance."

[5] *See, e.g.*, Proffered Exh. 14, p.1, (ECF 239, p.5 lines 3-5): "Plaintiff/Appellant Rumble hereby requests an indicative ruling pursuant to Federal Rules of Civil Procedure Rule 62.1(a)(3) that if remanded this Court would grant, or would find a substantial issue raised by, Rumble's *request for recusal and reassignment …*" (emphasis added). An optional limited remand under FRAP 12.1 was also noted in the motion at page 2, n.3.

Court's option to grant limited remand for that purpose under FRAP Rule 12.1 should the court below enter a timely indicative ruling. Google's assertion that recusal is irrelevant to this appeal is untenable. Google's effort to persuade the district court not to decide recusal during this appeal only underscores that relevance. Indeed, in the district court Google tied the recusal question to the outcome and timing of this appeal.

**b. De novo review does not negate the proffered items' relevance**

Google cites out-of-circuit cases which it contends find *de novo* review of disqualified judges' rulings renders those rulings harmless and thereby moots any need for remedy. Even if that were an accurate characterization of those cases, it is not the law of the Ninth Circuit. This Circuit and others hold that "an appellate court can vacate *all* orders of a district judge who should have been recused." *In re Creech*, 119 F.4th 1114, 1125 (9th Cir. 2024) (emphasis added).

Like Google here, the plaintiffs in *Shell Oil Co. v. United States*, 672 F.3d 1283 (Fed. Cir. 2012), "argue[d] that any error in the judge's decision not to recuse is harmless because the judgment is subject to *de novo* review on appeal." *Id.* at 1291. And like Google, the plaintiffs there relied on *Williamson v. Indiana Univ.*, 345 F.3d 459 (7th Cir. 2003), *Patterson v. Mobil Oil Corp.*, 335 F.3d 476 (5th Cir. 2003), and *Higganbotham v. Oklahoma*, 328 F.3d 638 (10th Cir. 2003). Those cases

did not present the risk of potential injustice and concern as to public confidence as in *Shell Oil* and as plainly exists in this case:

> Unlike the circumstances here, however, the courts in the cases upon which Plaintiffs rely specifically found that the risks of injustice and concern for public confidence set forth in *Liljeberg* were not implicated. *See Williamson*, 345 F.3d at 465 ("Likewise, the risk of injustice in other cases and concern for public confidence are not implicated by these facts."); *Higganbotham*, 328 F.3d at 646 (considering the risks from *Liljeberg* and concluding that "none of these risks is present"); *Patterson*, 335 F.3d at 486 (considering the risk of injustice and the public's confidence in the judicial process in finding that the § 455(a) violation constituted harmless error).

*Shell Oil*, 672 F.3d at 1293-94.

Moreover, the court in *Shell Oil* pointed out the inherent danger generally of unduly weighing *de novo* review in a harmless error analysis:

> The fact that this court reviews the grant of summary judgment *de novo* does not supplant our consideration of potential injustice stemming from a trial judge's failure to recuse …. In other words, a judge's failure to recuse does not automatically constitute harmless error whenever there is *de novo* review on appeal. Otherwise, … under Plaintiffs' theory, there would be no need for a trial judge to recuse from any action in which the appellate court will apply *de novo* review. … Such a result is untenable.

*Id.* at 1294.

Other circuits have addressed this issue and likewise declined to find *de novo* review as rendering recusal unnecessary. For example, in *Litovich v. Bank of Am. Corp.* 106 F.4th 218 (2nd Cir. 2024):

> … Defendants argue[d] in the alternative that even assuming a § 455(a) violation based on the appearance of partiality, this Court's *de novo* review of the district court's decision to grant the motion to dismiss

> "ensures that no injustice will occur … and renders any recusal failure harmless."
>
> …
>
> … [*D*]*e novo* review of the merits of the underlying claim by a Court of Appeals does not solve this problem because the root issue—repeated violations of § 455—goes unaddressed if the burden of ameliorating it is shifted to reviewing courts. Here, due to the length of time that Judge Liman presided over this case with a conflict—albeit almost certainly unknowingly—and the substantive motions that came before him in that period, … we therefore vacate the decision of the district court granting Defendants' motion to dismiss.

*Id.* at 226, 228.

At bottom, the notion that district courts can dispose summarily of their cases even in the face of a clear violation of Section 455(a)—simply because such rulings will be or may be subject to *de novo* review—turns the express language and intent of Section 455(a) on its head. *De novo* review is not an exception to Section 455(a). In the cases where *de novo* review was cited, it was an add-on factor and the alleged "appearance of partiality" was tenuous to begin with at best, unlike here.

Indeed, here as in *Shell Oil*, there are risks of injustice and harm to public confidence in the judicial system not present in the cases cited by Google, or even in *Creech*. The mere existence of *de novo* review of the Court's summary dismissal of this antitrust action does not protect public confidence in the judicial system, particularly in light of the undisputed facts that include twelve promptly-entered recusals in other Google/PayPal cases. Nor does it address the several legal errors in the appealed-from district court's grant of summary judgment in Google's favor,

which errors include *sua sponte* raising and deciding dispositive issues in Google's favor that were not included in Google's motion for summary judgment or even mentioned by the parties.

As noted in *In re Al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019), appellate review "on the merits cannot 'detect all of the ways that bias can influence a proceeding.'" *Id.* at 240-41 (citation omitted) (vacating "*all orders* entered … after … the date of [the judge's conflict-creating job] application" to "sufficiently scrub the case of judicial bias without imposing an unnecessarily 'draconian remedy.'" (emphasis added) (citation omitted))(cited in *Creech*, 119 F.4th at 1125).

Ultimately, any "unfairness and expense which results from disqualification … can be avoided in the future only if each judge fully accepts the obligation to disqualify himself in any case in which his impartiality might reasonably be questioned." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1115 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980) (quoted with approval in *Preston v. United States*, 923 F.2d 731, 735-36 (9th Cir. 1991)).

**c. Section 455(a) does not turn on *actual* bias, and the proffered items establish a Section 455(a) basis for recusal**

Google continues its erroneous notion that recusal under Section 455(a) requires evidence of *actual* bias. That is not correct. As noted in Appellant's motion (page 8, n.4), the U.S. Supreme Court has instructed that Section 455(a) requires recusal whenever a judge's "impartiality might reasonably be questioned," and that

"[t]he goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860. "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. U.S.*, 510 U.S. 540, 548 (1994). And the Ninth Circuit has instructed that even "[i]f it is a close case, the balance tips in favor of recusal." *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). This is definitely not a close case.

The present motion makes quite clear the relevance of the Stanford article, the twelve prior recusals, and the FRCP Rule 62.1 motion containing further related details and analysis.[6]

## **Conclusion**

Google's opposition glosses over the appropriate "appearance of partiality" standard and incorrectly posits that "actual bias" must be shown. The cases Google cites are either inapt and/or short cited by Google as noted above, and Google's position here is also inconsistent with its position in the district court.

The proffered documents are manifestly relevant to this appeal, and the facts supporting this motion confirm that judicial notice of them is appropriate.

Date: November 28, 2025 Respectfully submitted,

/s/ *Robert W. Dickerson, Jr.*
Robert W. Dickerson, Jr.

---

[6] Google's opposition refers this Court to its brief and declaration filed in the District Court in opposition to Rumble's FRCP 62.1 motion. If this Court considers those documents, Rumble respectfully requests that the Court also consider Rumble's reply brief in support of the motion below. (District Court ECF No. 241).

ROBERT W. DICKERSON, JR., ESQ.
ALLAN W. JANSEN, ESQ.
EHAB M. SAMUEL, ESQ.
COMPETITION & TECHNOLOGY LAW GROUP, LLP
11400 West Olympic Boulevard, Suite 200
Los Angeles, California 90064
(310) 774-2337 Telephone
rdickerson@comp-techlaw.com

PHILIP J. IOVIENO, ESQ
JACK G. STERN, ESQ.
CADWALADER, WICKERSHAM & TAFT, LLP
200 Liberty Street
New York, New York 10281
(212) 504-6000 Telephone
philip.iovieno@cwt.com
jack.stern@cwt.com

KRISTEN J. MCAHREN, ESQ.
SANDERS KEYES GILMER, ESQ.
CADWALADER WICKERSHAM & TAFT, LLP
1919 Pennsylvania Avenue NW
Washington, District of Columbia 20006
(202) 862-2200 Telephone
kristen.mcahren@cwt.com
keyes.gilmer@cwt.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on November 28, 2025.

I also hereby certify that service of this Motion on all participants in this case who are registered ACMS users and have appeared for a party will be accomplished by the appellate ACMS system promptly upon filing of the Brief via emails to each such participant by the ACMS system.

Date: November 28, 2025 by: /s/ *Robert W. Dickerson, Jr.*
Robert W. Dickerson, Jr.